FILED
CLERK, U.S. DISTRICT COURT

OCT 2 9 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHNNY S. WILLIE,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES WALKER, WARDEN,<br><br>    Respondent. | Case No. CV 08-06580 RSWL (AN)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

**I. Background**

On September 10, 2008, petitioner Johnny S. Willie ("Petitioner"), a state prisoner proceeding *pro se*, filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Northern District of California. (*Willie v. Walker*, case no. CV 08-04261 RMW (N.D. Cal.). The Petition was eventually transferred to, and filed with, this Court on October 7, 2008.

The Petition is directed at Petitioner's current state custody arising from a 1984 second degree murder conviction and related prison sentence that he sustained in the California Superior Court for the County of Los Angeles (case no. A383469) ("1984 Conviction"). (Petition, Attachment at 9.) The Petition is not a model of clarity and the gravamen of the allegations establish that Petitioner is principally raising insufficient evidence and ineffective assistance of counsel claims.

1    The Petition and this Court's records establish the Petition is subject to dismissal
2 because it is an unauthorized successive petition.[1/]  Indeed, the Petition and records of
3 this Court establish the Petition constitutes Petitioner's *fourth* attempt to obtain federal
4 habeas corpus relief from his 1984 Conviction.

5    Specifically, on April 4, 1997, Petitioner filed his first petition with this Court
6 raising one claim directed at his 1984 Conviction. (*Johnny Willie v. Warden S. Hubbard,
7 et al.*, case no. CV 97-02243 RSWL (AN) (C.D. Cal.) ("*Willie I*")). On July 24, 1997, the
8 petition in *Willie I* was dismissed without prejudice because it raised an unexhausted
9 claim. (*Willie I*, 07/23/97 Memorandum and Order, and Judgment).

10   On August 14, 2002, Petitioner filed his second petition directed at his 1984
11 Conviction. (*Johnny Willie v. Cheryl Pliler, Warden*, case no. CV 02-06371 LGB
12 (AN)(C.D. Cal.) (*Willie II*)). On January 2, 2003, the Court entered its judgment
13 dismissing *Willie II* with prejudice because it was time-barred. (*Willie II*, 11/12/02
14 Report and Recommendation, and Judgment).

15   Petitioner then filed a third petition. (*Johnny Willie v. Stratton*, case no. CV 04-
16 09771 JVS (AN) (C.D. Cal.) (*Willie III*)).  The third petition was initially dismissed
17 without prejudice as an unauthorized successive petition. However, Petitioner
18 subsequently filed a motion that disclosed the third petition was actually in the nature of
19 Rule 60(b) motion directed at the judgment dismissing the second petition in *Willie II*,
20 therefore, the Court subsequently vacated the original judgment in *Willie III* and entered
21 an amended judgment and order summarily dismissing the petition with prejudice for
22 failure to state a cognizable habeas claim. (*Willie III*, 03/09/05 Memorandum and Order
23 (docket no. 9), and Amended Judgment and Order (docket no. 10).) On June 23, 2005,
24 the Ninth Circuit denied Petitioner's request for a certificate of appealability. (*Willie III*,
25 6/23/05 Order (docket no. 15).)

---

[1/]   The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Meanwhile, Petitioner has neither alleged nor shown the Ninth Circuit has authorized him to file the pending fourth Petition, and the Ninth Circuit records confirm that Petitioner has not been granted such an authorization.

## II. Discussion

The pending Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 2337(1996). Under the AEDPA, a prisoner seeking to file a "second or successive" habeas petition must first obtain permission to do so from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). A prisoner's failure to comply with §2244(b) deprives the district court of jurisdiction to consider a second or successive petition. *Burton v. Stewart*, 549 U.S. ---, 127 S.Ct. 793, 796-99 (2007).

Based upon the foregoing, the Court finds it lacks jurisdiction to consider the Petition because it constitutes an unauthorized successive petition relative to the petition in *Willie II* that was dismissed with prejudice. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed without prejudice because it is an unauthorized successive petition. The Clerk is directed to enter the judgment dismissing the Petition. Any and all other pending motions are terminated.

IT IS SO ORDERED.

Dated: October 28, 2008

/ s /
_____
RONALD S.W. LEW
UNITED STATES DISTRICT JUDGE

Presented by:

/ s / ARTHUR NAKAZATO
_____
Arthur Nakazato
United States Magistrate Judge